For meaning of Abreviations, See Ternary Digest, page XII.

### No. 955
### ROATH v. WOOD MOTOR CO.
No. 20031. Supreme Court
On motion to certify. Dock. July 31, 1926; 4 Abs. 525.

**167. BONDS (Surety)—Is surety liable on his appeal bond when appeal is not taken in time and no judgment is rendered against appellant?**

Roath contends in the Supreme Court that a surety is not liable on appeal bond when it is conditioned that appellant would prosecute appeal and if judgment rendered against him on appeal he would satisfy same, when appeal was dismissed and hence no judgment ever rendered on appeal.

Attorneys—R. G. Thomas and J. D. Hotchkiss for Roath; L. J. Myers and A. J. Russell for Company; all of Akron.

### No. 956
### STATE ex MEYERS v. BUTTERFIELD et
No. 20073. Supreme Court
In Mandamus. Dock. Aug. 26, 1926; 4 Abs. 590.

**448. ELECTIONS—Petition in mandamus filed to compel a recount of votes upon election of county commissioners, dismissed by relator.**

Petition in mandamus filed in the Supreme Court to compel supervisors of Hamilton County to canvass votes cast for county commissioner at last primary election, dismissed by relator.

Attorneys—S. A. Headley and C. P. Taft for Meyers; both of Cincinnati.

### No. 957
### GORSKI v. GORSKI
No. 20037. Supreme Court
On motion to certify. Dock. Aug. 2, 1926; 4 Abs. 525.

**997. REAL ESTATE—Can action to quiet title be maintained by one who was not in possession at its commencement, and can a decree in a divorce and alimony suit be attacked in a subsequent action to quiet title?**

The questions are (1) may an action to quiet title be maintained by one not in possession at the time it was instituted? (2) May a divorce and alimony decree, fixing rights to realty, be attacked in a subsequent action to quiet title?

Attorneys—C. J. Suffens and A. H. Martin for Plaintiff; F. T. Matia for defendant; all of Cleveland.

### No. 958
### KING v. SO. REAL ESTATE CO.
No. 20039. Supreme Court
On motion to certify. Dock. Aug. 3, 1926; 4 Abs. 541.

**32. ADMINISTRATORS—Does a deceased owner of real estate who has allotted it, incorporated same and owns all stock, leave realty or personalty, and should administrator or distributee maintain action to gain possession thereof,**

King contends in the Supreme Court, that when an owner of real estate who plats same into lots, organizes a corporation and who owns the entire stock of the corporation and dies, such property as he died seized of consists of personalty, and an action to recover possession should be brought by the administrator and not by the distributee.

Attorneys—Howell, Roberts & Duncan for King; J. A. Cline, Sawyer & Cummings for Co.; all of Cleveland.